UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHARON SMITH and SHANNON RENEE GOINS, on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs | ) ) | No. 3:11-0385 Judge Nixon/Brown |
| v. | ) ) | **Jury Demand** |
| WHITES CREEK HEALTHCARE, LLC d/b/a GRACE HEALTHCARE OF WHITE'S CREEK, | ) ) ) ) | |
| Defendants | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

1. JURISDICTION: The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. PLAINTIFFS' THEORY OF CASE: Plaintiffs believe and assert that the Defendant intentionally failed to pay Plaintiff and other similarly situated employees straight time and overtime wages under the Fair Labor Standards Act and the Tennessee common law of unjust enrichment. Plaintiff contends that the Defendants' failure was willful. More specifically, on a regular and repeated basis, Plaintiffs and other similarly situated employees were required to perform compensable work during unpaid "meal breaks." As a result

of Defendant's automatic deduction for "meal breaks" the Defendant worked hourly employees "off the clock" without providing proper overtime and straight time compensation.

This action has been filed seeking collective action certification on behalf of all nonexempt employees of Defendant whose pay was/is subject to an automatic meal break deduction, even though they performed compensable work during their meal breaks. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) with regard to the Plaintiffs' claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the Fair Labor Standards Act.

3. DEFENDANT'S THEORY OF THE CASE: Plaintiffs and all other employees were properly paid wages under the FLSA. At all times, Defendant acted in a good faith belief that its actions were in compliance with the FLSA with regard to all named Plaintiffs and putative class members.

4. IDENTIFICATION OF ISSUES: **Resolved**: Jurisdiction and venue.

**Disputed**: Liability and damages. Whether the Defendant violated the Fair Labor Standards Act and/or state law and whether this case is properly maintainable as an opt-in collective action pursuant to 29 U.S.C. § 216(b), as well as the extent and amount of damages sought by the Plaintiffs in this matter.

5. OTHER CLAIMS OR SPECIAL ISSUES: **Class Certification**: Plaintiffs will file a Motion to Conditionally Certify the class by **September 20, 2011**. Defendant shall file its Response to Plaintiffs' Motion by **October 20, 2011.** Plaintiffs may file a Reply on or before **October 31, 2011**. If motions are filed early, the response and reply dates are moved up accordingly.

6. WITNESSES (subject to supplementation):

    Plaintiffs:   Sharon Smith
                  Shannon Renee Goins
                  Mary Renfroe, Supervisor, Employee of Defendant

    Defendant:    Sharon Smith
                  Shannon Rennee Goins
                  Mary Renfroe
                  Sue Wales
                  Marcus Burns

7. INITIAL DISCLOSURES AND STAGING OF DISCOVERY: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures on or before **July 5, 2011**. The parties shall complete written discovery and depose fact witnesses on or before **February 21, 2012**.

Plaintiffs shall disclose expert witness(es) on or before **November 21, 2011**. Defendant will disclose expert witness(es) on or before **December 20, 2011**. Rebuttal expert witness(es) shall be disclosed by the Plaintiffs by **December 30, 2011**. The deadline for expert witness depositions is **February 21, 2012**.

**Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. Counsel requesting the conference shall coordinate scheduling the telephone conference with opposing counsel and the Court.**

8. DISPOSITIVE MOTIONS: The deadline for the parties to file dispositive motions will be **March 20, 2012**. Responses to these motions will be **April 17, 2012** (**28 days** after the motion is filed). A Reply shall be filed **14 days** after the date the Response is filed or by **May 1, 2012**.

If dispositive motions are filed early, the response and reply dates are moved up accordingly. Motion and response memoranda are limited to **25 pages** and the reply, if a reply is filed, is limited to **five pages**, absent Court permission for longer pleading.

9. OTHER DEADLINES: The parties shall file all Motions to Amend or Motions to Join Parties on or before **August 22, 2011**.

10. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A telephone conference with Magistrate Judge Brown to discuss case progress is set for **January 17, 2012, at 10:00 a.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

11. ALTERNATIVE DISPUTE RESOLUTION: The parties have made no decision as to whether this case is appropriate for alternative dispute resolution.

12. CONSENT TO TRIAL BEFORE MAGISTRATE JUDGE: The parties do not consent to trial before the Magistrate Judge.

13. TARGET TRIAL DATE: The parties estimate that this case will take approximately five days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **September 11, 2012**, **at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **August 31, 2012, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge